IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CT-3112-D

| | |
|---|---|
| **Lacy Lee Williams, Jr.,** Plaintiff, v. **Central Prison,** et al., Defendants. | **Memorandum & Recommendation** |

Plaintiff Lacy Lee Williams, Jr. alleges that shortly after midnight on October 21, 2014, Defendant Raddon, a correctional officer at Central Prison in Raleigh, North Carolina, sprayed him with two five-second bursts of pepper spray and then prohibited prison staff from decontaminating him. Compl. at 3, D.E. 1. As a result of Raddon's actions, Williams claims that he experiences "coughing, breathing difficulties, swollen tonsils, sore throat, headaches and now blurred vision[.]" *Id.*

The events of October 21, 2014, form the basis for Williams's claim that Raddon violated his rights under the Eighth Amendment to the Constitution to be free from cruel and unusual punishment. Williams also seeks to hold the administrators of Central Prison, the Inmate Grievance Resolution Board, the North Carolina Attorney General, and the North Carolina Department of Public Safety liable for failing to properly train Raddon and for failing to investigate Williams's claim.

Williams requested permission to proceed without paying the filing fee typically required of civil litigants. As a result, his Complaint is subject to screening under the provisions of the Prison Litigation Reform Act ("PLRA") and 28 U.S.C. §1915(e). After reviewing the Complaint

1

and Williams's prior filings, the undersigned finds that (1) Williams is not in imminent danger of serious physical injury and (2) he has had three prior actions dismissed on the ground that the action was frivolous, malicious, or failed to state a claim upon which relief may be granted. Therefore, the undersigned recommends that the district court deny Williams's In Forma Pauperis Motion ("IFP Motion") and, if he cannot pay the require filing fee within a reasonable time, dismiss this action without prejudice.

> The PLRA requires that the court dismiss a prisoner's action:
>
> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This subsection is known as the "three-strikes" provision of the PLRA. *See Tolbert v. Stevenson*, 635 F.3d 646, 650 (4th Cir. 2011); *Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006); *Altizer v. Deeds*, 191 F.3d 540, 544 (4th Cir. 1999).

Williams has filed at least three actions that courts have dismissed as frivolous, malicious, or failing to state a claim. *See Williams v. Marvin L. Polk, et al.*, No. 5:04-CT-144-FL (E.D.N.C. Apr. 19, 2004); *Williams v. Wake County Jail*, No. 5:07-CT-3169-H (E.D.N.C. Feb. 29, 2008); *Williams v. Wake County Jail, et al.*, No. 5:07-CT-3167-D (E.D.N.C. Mar. 3, 2008). Therefore, in order to avoid dismissal under § 1915(g), Williams must show that he is under imminent danger of serious physical injury in order to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(g).

The imminent danger of serious physical injury "exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves

2

a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.*

Williams's Complaint claims that he suffers a series of physical ailments and endures pain as a result of events that he alleges occurred seven months prior to the filing of his Complaint. Given the nature of his claim and the length of time between the events and the filing of the Complaint, Williams has failed to demonstrate that he is under imminent danger of serious physical injury as required by § 1915(g). *See Beasley v. Lutes*, No. 3:15-CR-67-FDW, 2015 WL 2238373, at *2 n.3 (W.D.N.C. May 12, 2015) ("The mere allegation that Plaintiff still suffers from pain as a result of Defendants' alleged deliberate indifference does not constitute a showing that Plaintiff is under imminent danger of serious physical injury within the meaning of § 1915(g)."). Therefore, the undersigned recommends that the district court deny Williams's IFP Motion and, if he cannot pay the require filing fee within a reasonable time, dismiss this action without prejudice. *See id.*

The Clerk of Court shall serve a copy of this Memorandum and Recommendation on Plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on him to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with

3

instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: September 17, 2015

_____
Robert T. Numbers, II
United States Magistrate Judge