IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3112-D

| | |
|---|---|
| LACY LEE WILLIAMS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CENTRAL PRISON, et al., ) | |
| ) | |
| Defendants. ) | |

On May 26, 2015, Lacy Lee Williams, Jr. ("Williams" or "plaintiff"), a state inmate proceeding pro se, filed this action under 42 U.S.C. § 1983. Compl. [D.E. 1] 3. Williams alleges that at approximately 12:15 a.m. on October 21, 2014, Sergeant Raddon ("Raddon") used excessive force by employing "two 5 second burst[s]" of a can of pepper spray on Williams at Central Prison in Raleigh, North Carolina. Id. Williams also alleges that Raddon "authorized [Williams] not to be decontaminated" after using the pepper spray, resulting in Williams's continued "suffer[ing] of the physical injuries of coughing, breathing difficulties, swollen tonsils, sore throat, headaches and now blurred vision." Id. Williams seeks to proceed in forma pauperis. See [D.E. 2]. Thus, his complaint is subject to screening under the Prison Litigation Reform Act ("PLRA") and 28 U.S.C. § 1915(e).

The court referred this action to Magistrate Judge Numbers for preliminary review under 28 U.S.C. § 1915A. On September 17, 2015, Judge Numbers found that Williams had filed at least three actions that courts have dismissed as frivolous, malicious, or for failing to state a claim. See Memorandum & Recommendation ("M&R") [D.E. 5] 2. Accordingly, Judge Numbers determined that Williams was ineligible to proceed in forma pauperis under the PLRA's three-strikes provision.

Id.; see 28 U.S.C. § 1915(g).[1] Judge Numbers likewise found that Williams had failed to plausibly allege that he is under imminent danger of serious physical injury. See M&R 3; 28 U.S.C. § 1915(g). Accordingly, Judge Numbers recommended that this court deny Williams's motion to proceed in forma pauperis and dismiss Williams's complaint if Williams fails to pay the required filing fee. See M&R 3.

The PLRA requires that the court dismiss a prisoner's action without the prisoner's prepayment of fees if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see Tolbert v. Stevenson, 635 F.3d 646, 650 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006); Altizer v. Deeds, 191 F.3d 540, 544 (4th Cir. 1999). Williams concedes that he has at least three strikes. [D.E. 6] 4–5. Nonetheless, he argues that the three-strikes provision does not bar him from proceeding in forma pauperis because he has plausibly alleged imminent danger of serious physical injury under section 1915(g). Id. 6. Specifically, Williams contends that he presently "suffers, and still experiences, serious physical injury," and that this suffering satisfies the imminent-danger requirement. Id. 7.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th

---

[1] These prior dismissals are Williams v. Polk, No. 5:04-CT-144-FL, [D.E. 4] (E.D.N.C. Apr. 19, 2004) (unpublished); Williams v. Wake Cty. Jail, No. 5:07-CT-3169-H, [D.E. 8] (E.D.N.C. Feb. 29, 2008) (unpublished); Williams v. Wake Cty. Jail, No. 5:07-CT-3167-D, [D.E. 8] (E.D.N.C. Mar. 3, 2008) (unpublished).

2

Cir. 2005) (alteration, emphasis, and quotation omitted). As for Williams's objection, "the imminent danger exception to § 1915(g)'s 'three strikes rule' must be construed narrowly and applied only 'for genuine emergencies,' where time is pressing and 'a threat is real and proximate' to the alleged official misconduct." Kinard v. Dulaney, No. 7:15CV00254, 2015 WL 3752500, at *2 (W.D.Va. June 16, 2015) (unpublished) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)). This exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Section 1915(g) requires an inmate specifically to allege an ongoing, serious physical injury or risk thereof. Id.; see Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (per curiam) (unpublished); Galeas v. United States, No. 5:14-CT-3225-F, 2015 WL 1433547, at *2 (E.D.N.C. Mar. 27, 2015) (unpublished); Hobbs v. Doe, No. 5:13-CT-3279-D, 2014 WL 229343, at *3 (E.D.N.C. Jan. 21, 2014) (unpublished); Dunbar v. Bell, No. 5:11-CT-3105-D, 2012 WL 255340, at *2 (E.D.N.C. Jan. 26, 2012) (unpublished).

Merely alleging ongoing pain as a result of another's past actions does not qualify as imminent danger. Beasley v. Lutes, No. 3:15-CV-67-FDW, 2015 WL 2238373, at *2 n.3 (W.D.N.C. May 12, 2015) (unpublished); Dunbar, No. 5:11-CT-3105-D, 2012 WL 255340 at * 2 (finding that a lapse of time between the allegedly wrongful acts and the filing of the complaint demonstrated that an inmate was not presently under imminent danger of serious physical injury). Here, Williams merely references the ongoing physical effects of Raddon's allegedly illegal conduct committed on October 21, 2014, at Central Prison. Furthermore, Williams is no longer housed at Central Prison and now resides at Maury Correctional Institution. See [D.E. 7]. On this record, Williams has failed to plausibly allege that he is under imminent danger of serious physical injury under section 1915(g). Thus, Williams may not proceed without paying the filing fee. If Williams wishes to proceed with

3

this action, he need only "pay the full ordinary filing fees sooner rather than later." Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (per curiam).

Alternatively, Williams contends that the PLRA's "filing-fee requirements unconstitutionally burden a prisoner's rights to access the Courts." See [D.E. 6] 5. The contention fails. See, e.g., Roller v. Gunn, 107 F.3d 227, 230–33 (4th Cir. 1997).

In sum, the court ADOPTS Judge Numbers's M&R [D.E. 5] and OVERRULES Williams's objection [D.E. 6]. The court DENIES Williams's motion to proceed without prepayment of fees [D.E. 2] and DISMISSES Williams's complaint [D.E. 1] without prejudice if he fails to pay the filing fee by December 17, 2015.

SO ORDERED. This _3_ day of December 2015.

JAMES C. DEVER III
Chief United States District Judge